38 So.2d 162

**STATE v. JOHNSON.**

No. 39115.

Dec. 13, 1948.

Campbell & Padgett, of Bossier City, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen. and A. M. Wallace, Dist. Atty., of Benton, for appellee.

McCALEB, Justice.

Earl Johnson was indicted, tried and convicted for attempted manslaughter. Prior to sentence, he filed a motion in arrest of judgment based on the ground that he had not been charged with a crime in the manner provided by law. The judge overruled the motion and sentenced him to three years at hard labor in the penitentiary. He has appealed.

The only question presented for consideration is whether the indictment is fatally defective. It charges, in substance, that appellant "attempted unlawfully to kill S.

M. Morgan Jr." Counsel for appellant asserts that, in order for the crime of attempted manslaughter to be charged in the form permitted by Article 235 of the Code of Criminal Procedure, the indictment should have alleged that appellant "attempted to unlawfully kill S. M. Morgan, Jr." This contention is founded upon the premise that, since Article 235 sets forth that the short form for manslaughter is "A. B. unlawfully killed C. D.", the offense of attempted manslaughter should be charged "A. B. attempted to unlawfully kill C. D." in order to comply with the form indicated for attempts.

We agree with the trial judge that there is no substantial difference between the averment that appellant "attempted unlawfully to kill" and that he "attempted to unlawfully kill" as it is clear that, in either case, he is fully advised of the nature and cause of the accusation against him. If the indictment be defective (which we doubt), it is merely a formal defect which cannot be considered on a motion in arrest of judgment, see Articles 517 and 518 of the Code of Criminal Procedure, objection thereto should have been raised by demurrer or motion to quash in advance of trial.

Article 252 of the Code of Criminal Procedure declares:

"No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: * * * (Third) That any uncertainty exists therein. * * *

If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect."

Article 253 provides, in part:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. * * *"

The conviction and sentence are affirmed.